fraud. The evidence shows that one of the plaintiffs, a widow who had received some life insurance on the death of her husband, consulted one of the defendants, an officer of her church in whom she had confidence, as to investment, and on his advice purchased from his son the premises in question; that a portion of the premises were untenanted at the time, but that defendants falsely represented that they were all rented and that the tenants would shortly move in; that no tenants moved in and that a few months after taking title, plaintiff being unable to meet payments due on the mortgage, the same was foreclosed and she lost everything. The Appellate Division held that there was a fiduciary relationship and that defendants knew or should have known that plaintiffs would be unable to carry the property.

*Robert H. Wilson* and *Max L. Kane* for appellants.

*Gustave B. Garfield* and *Maurice V. Seligson* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

MORRIS ROSENBLUM, Respondent, *v.* MORRIS FELLER et al., Copartners Doing Business under the Name of NEW ENGLAND DOUGHNUT AND CRULLER COMPANY, Appellants.

*Negligence — motor vehicles — evidence — action to recover for personal injuries arising from collision of automobile with wagon — evidence that defendants were insured and that one of defendants had given untrue testimony pursuant to conspiracy with plaintiff to mulct insurance company, properly excluded.*

*Rosenblum* v. *Feller*, 221 App. Div. 805, affirmed.

(Argued December 7, 1927; decided January 10, 1928.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered July 8, 1927, affirming a judgment in favor of

plaintiff entered upon a verdict in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendants. Plaintiff while driving a wagon northerly on North Broadway in the city of White Plains received the injuries complained of as the result of a collision with an automobile owned by defendants. It was contended that the trial court erred in refusing to permit counsel for the insurance company defending the action to prove that defendants were insured against accident and that one of the defendants called as a witness on their behalf had conspired with the plaintiff to mulct the insurance company and had given untrue testimony.

*William C. Fiest* and *F. A. W. Ireland* for appellants.

*Charles Edward Long, Francis J. Mahony* and *Thomas A. McKennell* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

CHARLES S. CASH, INC., Respondent, *v.* ISAAC STEINBOOK et al., Appellants.

*Trade names — unfair competition — action to restrain imitation by defendants of plaintiff's store fronts and of their trade-marks and slogans.*

*Cash, Inc.,* v. *Steinbook,* 220 App. Div. 569, affirmed.

(Argued December 7, 1927; decided January 10, 1928.)

APPEAL from a judgment, entered June 4, 1927, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of defendants entered upon a dismissal of the complaint by the court on trial at Special Term and directing judgment in favor of plaintiff. The action was to restrain the use by defendants in their several stores of blue and orange lettering in such combination as to constitute an imitation and simulation of the plaintiff's windows and